# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| CHRISTOPHER G., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | No. 1:17-cv-00289-JHR |
| ) | |
| NANCY A. BERRYHILL, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant ) | |

## MEMORANDUM DECISION[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the administrative law judge ("ALJ") supportably found the plaintiff capable of performing work existing in significant numbers in the national economy. The plaintiff seeks remand on the basis that the ALJ's determination of his mental residual functional capacity ("RFC") was unsupported by substantial evidence, undermining her reliance on the testimony of a vocational expert predicated on that flawed finding. *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (ECF No. 13) at 4-12. I agree and, accordingly, vacate the commissioner's decision and remand this case for further proceedings consistent herewith.

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted his administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2), which requires the plaintiff to file an itemized statement of the specific errors upon which he seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office, and the commissioner to file a written opposition to the itemized statement. Oral argument was held before me pursuant to Local Rule 16.3(a)(2)(D), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record. The parties have consented to have me conduct all proceedings in this matter, including the entry of judgment. ECF No. 23.

1

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. §§ 404.1520, 416.920; *Goodermote v. Sec'y of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the ALJ found, in relevant part, that the plaintiff met the insured status requirements of the Social Security Act through March 31, 2015, Finding 1, Record at 24; that he had the severe impairments of degenerative disc disease of the spine, diabetes mellitus, history of deep vein thrombosis, degenerative joint disease of the left knee, chronic pain, bipolar affective disorder, generalized anxiety disorder, depression, attention deficit disorder, and obesity, Finding 3, *id*.; that he had the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b) except that, *inter alia*, he could not work with the public, Finding 5, *id*. at 26; that, considering his age (42 years old, defined as a younger individual, on his alleged disability onset date, February 25, 2010), education (limited), work experience (transferability of skills immaterial), and RFC, there were jobs existing in significant numbers in the national economy that he could perform, Findings 7-10, *id*. at 33-34; and that he, therefore, had not been disabled from February 25, 2010, through the date of the decision, March 24, 2016, Finding 11, *id*. at 35. The Appeals Council declined to review the decision, *id*. at 1-4, making the decision the final determination of the commissioner, 20 C.F.R. §§ 404.981, 416.1481; *Dupuis v. Sec'y of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Sec'y of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The ALJ reached Step 5 of the sequential evaluation process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than his past relevant work. 20 C.F.R. §§ 404.1520(g), 416.920(g); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain substantial evidence in support of the commissioner's findings regarding the plaintiff's RFC to perform such other work. *Rosado v. Sec'y of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## I. Discussion

The record before the ALJ contained sharply conflicting opinions as to the severity and effects of the plaintiff's mental impairments. Agency nonexamining consultant Mary A. Burkhart, Ph.D., deemed those impairments nonsevere and, therefore, did not assess a mental RFC. *See* Record at 144; 20 C.F.R. §§ 404.1520a(d)(1) & (3), 416.920a(d)(1) & (3) ("If we rate the degrees of your limitation as 'none' or 'mild,' we will generally conclude that your impairment(s) is not severe . . . . If we find that you have a severe mental impairment(s) that neither meets nor is equivalent in severity to any listing, we will then assess your [RFC]."). By contrast, the plaintiff's treating counselor, Richard J. Staples, Ph.D., assessed a number of marked impairments in the mental abilities needed to perform even unskilled work, including, in relevant part, the ability to accept instructions and respond appropriately to criticism from supervisors. *See id.* at 759.

The ALJ stated that she gave "little weight" to both opinions. *Id*. at 32.

With respect to the Burkhart opinion, she explained:

[Dr. Burkhart] indicated the [plaintiff]'s impairments were mild and not severe. She considered the previous psychological consultative examination from 2011 in which the [plaintiff]'s intelligence was assessed as average. She determined the [plaintiff] had a learning disorder, not otherwise specified and a depression, not otherwise specified but that he had only mild symptoms related to these impairments. Based on the [plaintiff]'s complaints of not getting along with people[,] I added a limitation to not working with the public.

*Id*.

With respect to the Staples opinion, she explained, in relevant part:

> The opinion indicates mostly social problems with co-workers, the public and dealing with normal work stress and states the [plaintiff] would miss more than four days of work a month. However, these findings are inconsistent with the medical evidence of record. The [plaintiff] talks about having friends, was adamant that he worked successfully for many years for companies installing drywall[,] and managed to get along with his family and medical providers. There is no suggestion that the [plaintiff] has had problems getting along with others in the work place. . . . As the opinion is inconsistent with the medical evidence of record and Dr. Staples' treatment notes, I give it little weight.

*Id*. at 32-33.

The plaintiff argues that the ALJ committed reversible error both in assigning little weight to the Staples opinion without good reason and in crafting a mental RFC based on her own lay interpretation of the raw medical evidence after essentially rejecting the expert opinions of record. *See* Statement of Errors at 5-12; *Gordils v. Sec'y of Health & Human Servs.*, 921 F.2d 327, 329 (1st Cir. 1990) ("[S]ince bare medical findings are unintelligible to a lay person in terms of [RFC], the ALJ is not qualified to assess [RFC] based on a bare medical record. This principle does not mean, however, that the [commissioner] is precluded from rendering common-sense judgments about functional capacity based on medical findings, as long as [she] does not overstep the bounds of a lay person's competence and render a medical judgment.") (citations omitted); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's medical opinion.").[2]

The commissioner rejoins that (i) the ALJ was justified in assigning little weight to the Staples opinion because it was inconsistent with the record, (ii) the ALJ's mental RFC

---

[2] I quote from the regulations in effect at the time of the issuance of the ALJ's decision. *See* Record at 35. Those regulations were superseded as to claims filed on or after March 27, 2017, by 20 C.F.R. §§ 404.1520c and 416.920c, pursuant to which the commissioner no longer "defer[s] or give[s] any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c, 416.920c.

4

determination is the product of a permissible common-sense judgment pursuant to *Gordils*, and, (iii) even if the ALJ erred in determining the plaintiff's mental RFC, remand is unwarranted because her finding is more favorable to the plaintiff than the evidence would otherwise support. *See* Defendant's Opposition to Plaintiff's Itemized Statement of Errors ("Opposition") (ECF No. 15) at 2-11; *see also, e.g., Bowden v. Colvin*, No. 1:13-CV-201-GZS, 2014 WL 1664961, at *4 (D. Me. Apr. 25, 2014) (noting the "long-standing rule of Social Security law in this district that a claimant may not obtain a remand on the basis of an RFC that is more favorable to him or her than the evidence would otherwise support"). With respect to the latter two points, she elaborates:

> [This] is . . . a case where it is readily apparent how the ALJ derived her mental RFC assessment: she acknowledged Plaintiff's statement that he had difficulty getting along with the public – noting, in particular, his testimony about a fight with a stranger at Walmart – and gave him the benefit of the doubt, by eliminating any requirement for public contact. This assessment thus represents a commonsense judgment – or at worst, a harmless error.

Opposition at 9 (citations omitted).

Finally, she contends that any error in omitting to assess limitations in dealing with supervisors and coworkers is harmless because two of the three jobs on which the ALJ relied at Step 5 do not appear to require any such contact, a proposition for which she cites *Cooley v. Berryhill*, 2:17-cv-00045-DBH, 2017 WL 4809998, at *3 (D. Me. Oct. 25, 2017) (rec. dec., *aff'd* Nov. 15, 2017). *See id*. at 12-13.

I am persuaded that the ALJ's handling of the issue of the plaintiff's social functioning limitations is flawed. As the plaintiff's counsel emphasized at oral argument, in giving little weight to Dr. Staples' opinion and crafting a functional limitation purportedly based on the plaintiff's own statements, the ALJ did not adequately address evidence from both Dr. Staples and the plaintiff that his social functioning deficits encompassed dealings not only with the public and co-workers but also with supervisors. *See also* Statement of Errors at 9-10.

5

As noted above, the ALJ summarized Dr. Staples' opinion as "indicat[ing] mostly social problems with co-workers, the public and dealing with normal work stress and stat[ing] the [plaintiff] would miss more than four days of work a month." Record at 32. She then discussed why, in her view, "these findings" were inconsistent with the medical and other evidence of record. *Id*. at 32-33. However, Dr. Staples had also assessed a marked restriction in accepting instructions and responding appropriately to criticism from supervisors, *see id*. at 759, explaining, "[The plaintiff] tends to see conflict and criticism as highly threatening and negative, and therefore is likely to manifest behavioral extremes in the face of routine workplace interactions and supervisory directives from management[,]" *id*. at 762. From all that appears, the ALJ ignored this portion of Dr. Staples' opinion.

In a similar vein, while the ALJ explained that, "[b]ased on the [plaintiff]'s complaints of not getting along with people[,]" she had "added a limitation to not working with the public[,]" she did not identify the complaints to which she referred. *Id*. at 32. The ALJ did acknowledge elsewhere in her decision that the plaintiff had described himself at hearing "as anti-social, especially with regard to an incident in Walmart when he was angry that someone criticized his parenting[,]" and that he had testified that "[e]very now and then he 'snaps.'" *Id*. at 25, 30. However, she did not note his allegations in a function report that he did not always get along with authority figures, defined to include bosses, and had been fired or laid off from a job for not getting along with people, stating, "hard to deal with some." *Id*. at 292.

The ALJ's failure to explain how she derived the plaintiff's RFC from his testimony was further error. *See e.g., Caudle v. Colvin*, No. 1:15-cv-201-JHR, 2016 WL 1734074, at *6 (D. Me. Apr. 29, 2016) ("commissioner's argument that [ALJ] permissibly assessed claimant's mental RFC as of a remote date last insured might have proved persuasive had she clarified how she

derived the specific components of her RFC from disparate sources, including portions of a mental status examination report, but she did not") (citation and internal punctuation omitted); *compare, e.g.*, *Starrett v. Colvin*, No. 2:14-cv-152-JHR, 2015 WL 3966127, at *4 (D. Me. June 29, 2015) (ALJ did not err when he "expressly stated that he deviated from the expert opinions, restricting the [claimant] to work at a sedentary exertional level, based on the [claimant]'s work history and his credible testimony that he found the construction and forklift jobs to be too physically strenuous.") (citation and internal punctuation omitted).

In sum, from all that appears, in both weighing Dr. Staples' opinion and assessing the plaintiff's mental RFC, the ALJ ignored evidence from both Dr. Staples and the plaintiff bearing on his ability to get along with supervisors.

While courts overlook an "arguable deficiency in opinion-writing technique" if not outcome-determinative, *see Bryant ex rel. Bryant v. Apfel*, 141 F.3d 1249, 1252 (8th Cir. 1998) (citation and internal punctuation omitted), reversal and remand are warranted when failures to explicate and/or even address material issues prevent a reviewing court from concluding that the ALJ reached a supportable result *via* an acceptable analytical pathway, *see, e.g.*, *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999) ("The ALJ's findings of fact are conclusive when supported by substantial evidence, but are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts.") (citations omitted). That is the case here.

This, in turn, undermined the ALJ's reliance at Step 5 on vocational testimony predicated on the flawed RFC determination. *See, e.g.*, *Arocho v. Sec'y of Health & Human Servs.*, 670 F.2d 374, 375 (1st Cir.1982) (responses of a vocational expert are relevant only to the extent offered in response to hypothetical questions that correspond to the medical evidence of record).

The commissioner's reliance on *Cooley* to demonstrate harmless error in the ALJ's reliance on the vocational expert's testimony is misplaced. She argues that two of the three jobs at issue do not appear to require contact with supervisors and co-workers because they are defined in the Dictionary of Occupational Titles (U.S. Dep't of Labor 4th ed., rev. 1991) ("DOT") as jobs in which "[p]eople . . . – [t]aking [i]nstructions-[h]elping" is "[n]ot [s]ignificant." Opposition at 12-13; Record at 34; DOT §§ 361.687-022 (linen grader), 207.685-014 (photocopying-machine operator). However, *Cooley* addressed that definition in the context of whether a claimant could perform jobs "without the need to interact with the public or groups of coworkers" – not supervisors. *Cooley*, 2017 WL 4809998, at *3-4.

Furthermore, as the plaintiff observes, *see* Statement of Errors at 11-12, testimony of the vocational expert at hearing suggests that the marked limitation in ability to get along with supervisors assessed by Dr. Staples would preclude all work, *see* Record at 74-75.

## II. Conclusion

For the foregoing reasons, the commissioner's decision is **VACATED**, and the case is **REMANDED** for proceedings consistent herewith.

Dated this 27th day of September, 2018.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge